Cora Lohrman, Appellee, v. Joseph Grundler,
Appellant.

Gen. No. 5559.

ADMISSIONS—*husband cannot bind wife.* A husband cannot bind
his wife by admissions made in her absence if he is not her agent.

Action commenced before a justice of the peace. Appeal from the
Circuit Court of Livingston county; the Hon. G. W. PATTON, Judge,
presiding. Heard in this court at the October term, 1911. Affirmed.
Opinion filed March 13, 1912.

WHITE & TUESBURG, for appellant.

GUY L. LOUDERBACK and W. W. LOUDERBACK, for ap-
pellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion
of the court.

Mrs. Cora Lohrman sued Joseph Grundler before a
justice of the peace for a balance claimed to be due her
for furnishing meals for employes of Grundler under
a contract between them, and she had a judgment for
$180.32, from which Grundler appealed to the Cir-
cuit Court, where upon a jury trial plaintiff had a ver-
dict and a judgment for $43.95, from which latter judg-
ment Grundler prosecutes this appeal.

Joseph Grundler had a farm or place in Canada and
a furnished house and had regular and transient em-
ployes, one of whom was the husband of appellee, who
had gone from this state to Canada to work for ap-
pellant. Appellee went to Canada to visit her husband.
She claims that Grundler then proposed that she stay
there and do the cooking and furnish the meals for
himself and his employes and that he would furnish
the house and the conveniences already in it
of beds and bedding, cooking utensils, etc., and
the use of one cow, and would pay her at the rate of
$15 per month for the meals for each of the men, and

that he would pay the bills of the grocer and butcher and deduct them from the amount which would be coming to her, and that she made that contract with him in the presence of her husband and remained there for a certain length of time and did the work and furnished a certain number of meals. It was agreed how much appellant paid for grocer and butcher bills. She and her husband testified to the contract. Appellant denied that he ever made any contract with her on the subject. Appellant sought to prove a conversation with the husband in the absence of appellee in which a contract was made with the husband for the doing of this work, and that after the work was done he and the husband had an accounting and found that there was $56 coming to the husband and that afterwards and after their return to Illinois, he had a conversation with the husband in which the husband told him, after going over the figures, that if appellant would pay the husband $223 he would give him a receipt in full, including labor, board and provisions. The court refused to admit this testimony. It was not proposed to show that appellant paid the husband any sum whatever in settlement, but only conversations in which certain sums were mentioned and agreed upon, but not paid. The husband could not bind the wife by admissions in her absence. It is contended that this evidence would have a tendency to impeach the testimony of the husband that he was present and heard the contract made between appellant and appellee. We conclude that it would have introduced an immaterial issue and would have tended to mislead the jury and that it was properly kept out. If appellant made the contract with appellee and she performed the labor, then she is entitled to be paid therefor, notwithstanding the husband in other conversations may have assumed to agree to settle her claim with his claim for wages, or may even have treated it as if he had a right to collect pay for her services.

The judgment is affirmed.

*Affirmed.*